IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  1:09cr8/WTH/GRJ
 1:15cv137/WTH/GRJ

CLINTON JOSEPH PONCE, III,
    #11294-017

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody."  (ECF No. 31.)   The Government has filed a response (ECF No. 35) and Petitioner has filed a reply.   (ECF No. 36.)   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review of the record and the arguments presented, the undersigned concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.   *See* Rules 8(a) and (b) Governing Section 2255 Cases.

## BACKGROUND and ANALYSIS

Petitioner pleaded guilty on April 10, 2009, to a single count of bank robbery in violation of 18 U.S.C. § 2113(a).  (ECF Nos. 21, 33).  The robbery occurred on February 10, 2009, within days from Petitioner's release from federal custody.  (See ECF No. 37, PSR ¶¶ 12, 41 and Case No. 1:00cr37/MP).  He entered a bank and passed the teller a note reading "no alarms no dyes large bills first," and left with $1474.00.  (ECF No. 37, PSR ¶ 6).  Petitioner was apprehended without incident days later, and there was some suggestion that he had committed the robbery in an effort to return to prison.  (See ECF No. 37, PSR ¶ 12; ECF No. 34 at 3).

The Presentence Investigation Report ("PSR") calculated an advisory guidelines range of 63 to 78 months, based on a total offense level of 19 and a criminal history category of VI.  The statutory maximum term of imprisonment was 20 years.  The court sentenced Petitioner to a term of 180 months in prison. It is this sentence which is the subject of the lone claim for relief in his § 2255 motion.

At sentencing, Assistant Federal Public Defender Clark asked the court to impose an above guidelines sentence so Petitioner could avoid

serving two sentences for the same crime.  (ECF No. 34 at 5).  Mr. Clark advised the Court that the State of Florida had also charged Petitioner with bank robbery and that Assistant State Attorney Hechavarria,[1] who was handling the case, had "refused to consider dropping it unless Mr. Ponce receives a rather lengthy sentence in Federal Court."  (ECF No. 34 at 4).  The state had offered Petitioner a plea agreement with a 15-year sentence, and Mr. Hechavarria represented to Mr. Clark that if Petitioner received a 15 year sentence in federal court, the state would drop its charges against him.  Mr. Clark stated that he had discussed the issue with his client, and Petitioner was "agreeable to spending a sentence that would be an upward departure from the recommended guideline range in order to not have to serve two sentences."  (ECF No. 34 at 4).  Counsel also noted that his research suggested that because Petitioner was then in state custody, any federal sentence would have to be served after the completion of the state sentence he would ultimately receive.  Mr. Clark assured the Court that in addition to discussing the issue with his client, he had talked to Petitioner's state public defender, Mr. Martin, who was also present.

---

[1] The court has ascertained the correct spelling of Mr. Hechavarria's name from a document bearing his signature.  (*See* ECF No. 35 at 17).

Case Nos.: 1:09cr8/WTH/GRJ; 1:15cv131/WTH/GRJ

Page **4** of **9**

The Court inquired of Petitioner if this was what he wanted to do, and he responded in the affirmative. (ECF No. 34 at 5). The Court requested that Petitioner's state public defender, Mr. Martin, approach. Mr. Martin advised that he had communicated with Mr. Hechavarria, who assured him of the result. (ECF No. 34 at 6). Mr. McMahon, for the Government, also assured the Court that although the plea agreement prohibited the Government from asking for a specific sentence, there would be no objection. (ECF No. 34 at 6).

Mr. Martin advised the Court that there was a case management conference in Petitioner's state case scheduled for the same afternoon. He said that absent any unforeseen circumstances, the state would nolle prosecui its case and Petitioner would be ready to be picked up by the federal marshals and transferred to federal custody.

In response to the Court's questions about any intent to appeal, both the Government and Mr. Clark for Petitioner represented that there would be no appeal. The following exchange then took place:

> THE COURT: Now you understand, Mr. Ponce, if this matter goes through, you have talked to both your state lawyer and your federal appointed lawyer that you have said you agree to this and you could not come back at some later date and say

> well, you know, I was wrong?   My sentence got doubled in federal court from the guideline.   I can sentence you to 20 years.   I believe that's the statutory maximum in this case.   I legally can do this.   I just don't want any misunderstanding on your part and then somewhere down the line I see a writ of habeas corpus filed or something like that and you tell me or some other judge that replaces me that this is not in your best interest and you didn't want this and you were forced into it by your lawyers, anything like that.   Do you understand me?
>
> THE DEFENDANT:   Yes, Your Honor.   I understand completely and as odd as it sounds, receiving this 15 years in federal prison in order for the state to drop their case for the same crime is what I believe is beneficial for me.

(ECF No. 34 at 7-8).   After neither party offered anything further, the Court sentenced Petitioner to a term of 180 months imprisonment, specifically noting that Petitioner was "alert and intelligent and fully understands what he has agreed to here."   (ECF No. 34 at 8-9).

Nearly five years after his sentencing, Petitioner filed the instant motion to vacate, claiming that the sentence he requested and agreed to was illegal, and the state should not have been allowed to "enjoin a federal court proceeding to increase Mr. Ponce's sentence."   (ECF No. 31 at 4). Appended to his motion is a copy of correspondence from Mr. Clark to the Public Defender C. Richard Parker from June of 2009 suggesting that the state should have been interested in saving money rather than prosecuting

Case Nos.: 1:09cr8/WTH/GRJ; 1:15cv131/WTH/GRJ

and incarcerating Ponce for the same offense conduct and that "the State's prosecution should fail due to a motion to dismiss on double-jeopardy grounds as well." (ECF No. 31 at 28-29).

The Government maintains that Petitioner's motion is time barred as well as substantively without merit.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. Section 2255(f)(1) provides that the one-year period of time runs from the date on which the judgment of conviction becomes final. Because Petitioner did not file an appeal, his conviction became final when the time for doing so expired, or on July 20, 2009. To have been timely filed, his motion must have been filed within one year from that date, or on July 20, 2010. He did not file his motion until 2015, and it is thus untimely.

Petitioner couches his claim in jurisdictional terms, and thus the Government also addressed the substance of the motion. However, in addition to being untimely, the motion is without merit. Petitioner's assertion that the sentencing court did not have jurisdiction to impose the 180 month sentence is mistaken. As Petitioner was advised during the

plea proceeding, the court had authority to impose a sentence up to and including 240 months, the statutory maximum pursuant to 18 U.S.C. § 2113(a).   (ECF No. 33 at 10).

Petitioner had what in essence amounted to a separate agreement with the state court regarding the disposition of the charges in that jurisdiction.   He stated at sentencing that he believed it was beneficial to him for the state to drop their case and that he receive 15 years in federal prison.   (ECF No. 34 at 8).   The Government has submitted proof that the State of Florida honored its part of the agreement.   On July 10, 2009, the state's attorney, through Assistant State Attorney Omar Hechavarria entered a nolle prosequi dismissing all pending charges against Petitioner in Case No. 01-2009-CF-000554-A, in the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida.   (ECF No. 35 at 17).

## **Conclusion**

Based on the forgoing, Petitioner has not shown that he is entitled to § 2255 relief, or that an evidentiary hearing is warranted.   Petitioner's motion should be denied in its entirety.

## **CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 1:09cr8/WTH/GRJ; 1:15cv131/WTH/GRJ

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 31) should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 8th day of November, 2017.

*/s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:09cr8/WTH/GRJ; 1:15cv131/WTH/GRJ